## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CALLIE WINFREY (#478181)**                         **CIVIL ACTION NO.**

**VERSUS**                                                        **16-806-BAJ-EWD**

**DARRELL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 6, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CALLIE WINFREY (#478181)                     CIVIL ACTION

VERSUS                                       NO. 16-806-BAJ-EWD

DARRELL VANNOY, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Callie Winfrey ("Plaintiff"), an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Darrell Vannoy, Assistant Warden "B. Boeker," "Col. Allen, Lt. Col. T. Barton, Capt. T. Morgan, and Lt. J. Franklin."[1] Plaintiff complains that the spraying of mace into his cell at his cellmate violated his constitutional rights, presumably the prohibition against cruel and unusual punishment contained within the Eighth Amendment.[2] Plaintiff prays for monetary and injunctive relief.[3]

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis* or who is asserting a claim against a governmental entity or an officer or employee of a governmental entity if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted. An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[4]

---

[1] R. Doc. 1.
[2] R. Doc. 1, pp. 4-5.
[3] R. Doc. 1, p. 6.
[4] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[5] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[6] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[7] Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[8] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[9]

Plaintiff alleges that on November 30, 2015, a disturbance occurred on Plaintiff's tier. Plaintiff's cellmate was accused by security personnel as the individual causing the disturbance. When Plaintiff's cellmate was asked to go to the cell bars, Plaintiff's cellmate was noncompliant. Plaintiff observed a can of mace in the hands of security personnel and requested to be removed from the cell. Security personnel advised Plaintiff to get to the back of the cell and proceeded to use the mace on Plaintiff's cellmate in an attempt to gain compliance. Plaintiff's cellmate continued to be noncompliant, so security personnel left momentarily. When the security personnel returned, they again instructed Plaintiff's cellmate to proceed to the cell bars to be restrained, but Plaintiff's cellmate remained noncompliant. Accordingly, security personnel again

---

[5] *Id.* at 32-33.
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[7] *Denton v. Hernandez, supra*, 504 U.S. at 32.
[8] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[9] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

2

utilized mace against Plaintiff's cellmate to gain compliance. Thereafter, Plaintiff's cellmate complied and was ultimately removed from the cell. Plaintiff allegedly "suffered" from the use of the chemical agent against Plaintiff's cellmate. Plaintiff further alleged that he was not seen by medical staff until two hours after the incident.

Plaintiff's claim of second-hand exposure to a chemical agent due to the security personnel's use of that chemical agent to gain compliance of Plaintiff's cellmate does not rise to the level of a constitutional violation.[10] Plaintiff has failed to state a claim for excessive force.

"[T]he settled rule [is] that 'the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.'"[11] In the context of an allegation of the use of excessive force by a prison official, "the core judicial inquiry is ... whether force was applied ***in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.***"[12] When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated.[13] That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action.[14] The Eighth Amendment's prohibition of "cruel and unusual" punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort "'repugnant to the conscience of mankind.'"[15]

The incident complained of herein occurred while Plaintiff was being housed in Administrative Lockdown. The "force" (*i.e.*, spraying of pepper spray) applied was not directed at

---

[10] *Bernard v. LeBlanc*, 10-545, 2011 WL 1790290 at *3 (M.D. La. April 6, 2011) (second hand exposure to chemical agent which was intended for cellmate "does not rise to the level of a constitutional violation"). *See also, Beverly v. Tappin*, 08-1145, 2008 WL 4999164, at *9 (W.D. La. Nov. 3, 2008) (second hand exposure to pepper spray not sufficient to allege constitutional violation).
[11] *Hudson v. McMillian,* 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers,* 475 U.S. 312, 319 (1986)).
[12] *Hudson* 503 U.S. at 7 (emphasis added).
[13] *See Whitley,* 475 U.S. at 327.
[14] *Hudson,* 503 U.S. at 9 (citations omitted).
[15] *Id.* (citations omitted).

Plaintiff. The use of pepper spray was clearly, by Plaintiff's own admission, directed at Plaintiff's cellmate to gain Plaintiff's cellmate's compliance. Any effects suffered by Plaintiff were unintentional and *de minimis,* not repugnant.

Plaintiff has also failed to state a claim for deliberate indifference. Plaintiff complains that after the incident described above, he was not seen by medical staff for two hours. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind.[16] Thus, a prison official or doctor acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and [he] disregards that risk by failing to take reasonable measures to abate it."[17] Moreover, a delay in providing medical care to an inmate can only constitute an Eighth Amendment violation if there has been deliberate indifference resulting in substantial harm.[18] In such cases, the facts alleged must clearly evince the "serious medical need" in question as well as the alleged official dereliction.[19] "A serious medical need is one for which treatment has been recommended *or for which the need is so apparent that even laymen would recognize that care is required.*"[20]

First, Plaintiff has not alleged that he had any serious medical need or faced any serious risk of harm due to the delayed treatment. Rather, Plaintiff alleges he suffered from the generally unpleasant effects related to exposure to mace. These generally unpleasant side effects do not constitute a serious medical need.[21] Second, even assuming a serious medical need existed, the

---

[16] *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976).
[17] *Farmer v. Brennan,* 114 S.Ct. 1970, 1984 (1994).
[18] *Easter v. Powell,* 467 F.3d 459, 463 (5th Cir. 2006).
[19] *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985).
[20] *Gobert v. Caldwell,* 463 F.3d 339, 345 n. 12 (5th Cir.2006).
[21] *See Hudson v. Gusman*, 11-963, 2014 WL 906155 at *6 (E.D. La. March 7, 2014) *citing McGuire v. Union County Jail*, No. 4:13–CV–P28–M, 2013 WL 4520282, at *6 (W.D.Ky. Aug.26, 2013) (complaint that eyes hurt and nose ran after pepper spray incident does not state a serious medical need), *citing Censke v. Unknown Ekdahl*, No. 2:08–CV–283, 2009 U.S. Dist. LEXIS 41962, at *23, 2009 WL 1393320 (W.D.Mich. May 18, 2009) (plaintiff's complaints of "burning in his nose, lungs, eyes, and skin after being sprayed with chemical agent" do not constitute a serious medical need for purposes of the Eighth Amendment [,] warranting dismissal under § 1915A).

4

delay of two hours faced by Plaintiff does not support a conclusion that defendants were deliberately indifferent to Plaintiff's serious medical needs in the constitutional sense.[22]

Finally, Plaintiff has not alleged any injury and thus, cannot meet the physical injury requirement of either the Prison Litigation reform Act ("PRLA") or the Eighth Amendment. Under the PRLA, no federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.[23] The Fifth Circuit has equated § 1997e(e)'s "physical injury" requirement to the standard used under the Eighth Amendment; that is, an injury that is more than *de minimis,* but not necessarily significant.[24] In the case *sub judice,* Plaintiff has not alleged any physical injury, much less any more than *de minimis* injuries.

Accordingly, Plaintiff has failed to state any claim upon which relief may be granted. Thus, this matter should be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

---

[22] *See Hudson v. Gusman*, 11-963, 2014 WL 906155 at *6 (E.D. La. March 7, 2014) (a 48-hour delay in receiving medical care related to complications associated with being subjected to pepper spray did not rise to the level of a constitutional violation and thus, the case was dismissed for failure to state a claim upon which relief may be granted). *See also, Hayes v. Dallas County,* No. 3–08–CV–2136–K, 2009 WL 250029, at *3 (N.D.Tex. Jan.30, 2009) ("The mere fact that plaintiff was in pain during that time [of delayed treatment] does not rise to the level of a constitutional violation.") *and Roach v. Caddo Parish Sheriff's Dept*., 07-364, 2010 WL 420068, at *3 (W.D. La. Jan. 29, 2010) (denial of shower for a day after being inadvertently sprayed with mace does not rise to the level of a constitutional violation).

[23] *See* 42 U.S.C. § 1997e(e).

[24] *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).

## **RECOMMENDATION**

It is **RECOMMENDED** that Plaintiff's action be **DISMISSED, WITH PREJUDICE**, for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.[25]

Signed in Baton Rouge, Louisiana, on June 6, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[25] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."